UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Gary Boltinghouse, Jr., Robert Taylor, and Mark Canales, on behalf of themselves and all other similarly situated individuals, | Case No. 1:15-cv-6223 |
| Plaintiffs, | |
| v. | **COLLECTIVE ACTION COMPLAINT** |
| Abbott Laboratories, Inc. | |
| Defendant. | |

Plaintiffs Gary Boltinghouse, Jr., Robert Taylor, and Mark Canales ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Nichols Kaster, PLLP and Stephan Zouras, LLP, bring this action against Abbott Laboratories, Inc. ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Abbott Laboratories, Inc. ("Abbott") is an Illinois corporation with its principal place of business located at 100 Abbott Park Road, Abbott Park, Illinois.

4. Defendant is a global healthcare company that maintains a portfolio of science-

1

based offerings in diagnostics, medical devices, nutritionals, and branded pharmaceuticals. Its medical testing and diagnostic instrument systems are used worldwide by hospitals, laboratories, blood banks, and physican offices to diagnose and monitor diseases. Abbott employs over 10,000 employees and serves customers in more than 150 countries worldwide.

5. Abbott operates in interstate commerce by, among other things, manufacturing and distributing its products to customers in multiple states across the country.

6. Upon information and belief, Abbott's gross annual sales made or business done has been in excess of $500,000 at all relevant times.

7. Plaintiff Gary Boltinghouse, Jr. is an adult resident of Fletcher, North Carolina.

8. Boltinghouse is currently employed by Defendant as a core laboratory specialist, and has been employed by the company since September 6, 1988.

9. Boltinghouse is currently assigned to a territory that primarily covers western North Carolina. Defendant, however, has required Boltinghouse to travel to multiple states in the surrounding area during his employment.

10. Plaintiff Robert Taylor is an adult resident of Lincolnton, North Carolina.

11. Taylor is currently employed by Defendant as a core laboratory specialist, and has been employed by the company since April 29, 1990.

12. Taylor is assigned to a territory that primarily covers western North Carolina. Defendant, however, has also required Taylor to travel to multiple states in the surrounding area during his employment.

13. Plaintiff Mark Canales is an adult resident of Colverdale, Virginia.

14. Plaintiff Mark Canales is currently employed by Defendant as a core laboratory specialist, and has been employed by the company since 1983.

15. Canales is assigned to a territory that primarily covers Lynchburg, Virginia. Defendant, however, has also required Canales to travel to multiple states in the surrounding area during his employment.

16. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals were, or are, employed by Defendant in the field as core lab specialists, prism specialists, hematology support specialists, or other job titles performing similar duties (together "field service specialists"), within the three years of the date this Complaint was filed. See 29 U.S.C. § 255(a).

17. At all relevevant times, Defendant is, and has been, Plaintiffs' and the similarly situated individuals' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

18. As field service specialists, Plaintiffs' and the similarly situated individuals' primary job duties and responsibilities consist or consisted of non-exempt work: installing, repairing, troubleshooting, servicing (including providing ongoing customer support), and maintaining diagnostic medical instrumentation and testing devices and equipment manufactured by Defendant.

19. Defendant suffered and permitted Plaintiffs and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

20. Plaintiffs and the similarly situated individuals were or are paid a salary with no overtime pay.

21. Defendant classified Plaintiffs and the similarly situated individuals as exempt from overtime compensation.

22. Defendant did not keep accurate records of all of the hours worked by Plaintiffs and the similarly situated individuals.

23. Defendant was aware, or should have been aware, that Plaintiffs and the similarly situated individuals performed non-exempt work that required payment of overtime compensation.

24. For instance, because Defendant assigned Plaintiffs their work and required them to work long hours to complete all of their job duties and responsibilities, it knew that Plaintiffs and the similarly situated individuals worked overtime hours.

25. Specifically, Defendant was aware of Plaintiffs' and the similarly situated employees' work hours because Plaintiffs were required to document their "start-of-day" and "end-of-day" time to reflect their work hours, and to also document the travel and labor hours they spent on specific repairs/jobs during their work hours.

26. Further, Plaintiffs and other similarly situated employees complained to management about working unpaid overtime hours during meetings and conference calls.

## **COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

28. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All persons who worked as field service specialists (also referred to as core lab specialists, prism specialists, hematology support specialists, or other job titles performing similar duties) for Abbott Laboratories, Inc. at any time since three years prior to the filing of this Complaint.

4

29. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

30. During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

31. For example, during the workweek ending June 7, 2015, Plaintiff Boltinghouse estimates that he worked approximately 72 hours without receiving overtime compensation for his 32 overtime hours. Plaintiff Taylor estimates that he worked approximately 50-55 hours during the workweek ending June 21, 2015, without receiving overtime compensation for his overtime hours. Plaintiff Canales estimates that he worked approximately 60 hours during the workweek ending March 28, 2015, without receiving overtime compensation for his 20 overtime hours.

32. Plaintiffs' hours estimates are exclusive of the time they spend waiting "on-call."

33. Upon information and belief, Defendant failed to maintain accurate record of the hours Plaintiffs' and the FLSA Collective's worked as required by 29 C.F.R. § 516.2.

34. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its field service specialists overtime compensation.

35. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are

numerous members of the FLSA Collective who have suffered from the Defendant's practice of denying overtime pay to field service specialists who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through its records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiffs and the FLSA Collective)**

37. Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

38. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

39. Defendant suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

40. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective the required overtime compensation.

41. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

42. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

43. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations of the FLSA were willful;

E. An award to Plaintiffs' and those similarly situated for the amount of unpaid wages owed and liquidated damages;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. An award of reasonable attorneys' fees and costs;

H. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: July 16, 2015

s/ Ryan Stephan
STEPHAN ZOURAS, LLP
Ryan Stephan
205 North Michigan Ave.
Suite 2560
Chicago, IL 60601
Telephone: (312) 233-1550
rstephan@stephanzouras.com

NICHOLS KASTER, PLLP
Timothy C. Selander, MN Bar No. 0387016*
Rachhana T. Srey, MN Bar No. 340133*
Reena I. Desai, MN Bar No. 0388311*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
selander@nka.com
srey@nka.com
rdesai@nka.com

*Pro Hac Vice Motion forthcoming

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE FLSA COLLECTIVE