# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Gary Boltinghouse, Jr., Robert Taylor, and Mark Canales, on behalf of themselves and all other similarly situated individuals,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Abbott Laboratories, Inc.,<br><br>　　　　　　Defendant. | Case No. 1:15-cv-06223<br><br>Honorable Rebecca R. Pallmeyer |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
OPT-IN PLAINTIFF JAMES KEAGLE**

Defendant Abbott Laboratories, Inc. ("Defendant"), by and through its attorneys Seyfarth Shaw LLP and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submits the following interrogatories to JAMES KEAGLE ("opt-in Plaintiff"), to be answered under oath within thirty (30) days after the date of service.

**DEFINITIONS AND INSTRUCTIONS**

　　1.　　The following interrogatories are addressed to opt-in Plaintiff, his agents or attorneys, or any of them. If the requested documents are known by Plaintiff to exist but are not in the possession, custody, or control of Plaintiff, his agents or attorneys or any of them, it is requested that he so indicate or produce such documents that show the name of the person or entity who has possession, custody, and/or control over such documents.

　　2.　　"Plaintiff," "you" and/or "your" shall refer to opt-in Plaintiff, his counsel, and any consultants, experts, investigators, agents, or other persons acting on his behalf.

　　3.　　Please answer each interrogatory in full. If you cannot do so, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever

38088334v.1

2

information, knowledge or belief you do have concerning the unanswered portion. The following interrogatories are to be considered continuing requests, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any person acting on your behalf may hereafter obtain which will augment or otherwise modify the answers now given to the interrogatories below.

4. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents, or employees.

5. To "relate to" or to "evidence" means to refer to, to reflect upon, or to be in any way logically or factually connected with the matters discussed.

6. The term "Document" is used broadly as allowed under the Federal Rules of Civil Procedure and includes any form of hardcopy document or Electronically Stored Information. The term "Document" includes but is not limited to the following: papers, correspondence or communications of any type, letters, envelopes, memoranda, telegrams, cables, notes, messages, e-mails (including any attachments thereto), text messages, instant electronic messages, reports, studies, press releases, comparison, books, accounts, checks, audio and video recordings, hand written notes, pleadings, testimony, articles, bulletins, questionnaires, surveys, charts, calendars, desk calendars, pocket calendars, lists, logs, publications, notices, diagrams, instructions, diaries, minutes of meetings, corporate minutes, orders, resolutions, agendas, memorials or notes of oral communications, whether by telephone or face-to-face, contracts, agreements, drafts of or proposed contracts or agreements, memoranda of understanding, letters of intent, deal memoranda, transcriptions of audio or video recordings, computer tapes, computer diskettes or disks, or any other tangible thing on which any handwriting, typing, printing, photostatic, electronic or other form of communication or information is recorded or reproduced, together

with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof.

7. When referring to a document, to "identify" means that Plaintiff shall set forth the general nature of the document (including the title and general subject matter), the author or originator, the date of its preparation or execution, each addressee, all individuals designated on the document to receive a copy or otherwise to have received a copy, the present custodian of each copy thereof and the last known address of each such custodian. If such documents were, but are no longer in your possession, custody or control, state the disposition which was made of them, the reason for such disposition, and the date thereof.

8. If any documents falling within any description contained in any of the following interrogatories (or in any discovery request served on Plaintiff by Defendant) is withheld under a claim of privilege, Plaintiff shall serve upon the undersigned attorneys for Defendant a written list of documents, including the following information as to each such item: (1) its date; (2) the names of the persons or other entities who or which drafted, authored or prepared it; (3) its title; (4) the names of the persons or other entities to whom it was addressed; (5) the names of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and (6) a statement of the ground or grounds on which each such document is considered to be privileged from production.

9. When referring to an individual person, to "identify" means to state the person's full name, last-known address, telephone number, race, sex, age, employer, department, and position or job title at the time of the incident or occurrence covered by the interrogatory.

38088334v.1

10. When referring to an institution (such as a business establishment, government agency, or hospital) "to "identify" means to state the institution's name, address and telephone number at the time of the transaction covered by the interrogatory answer.

11. "Defendant" means Abbott Laboratories, Inc. or any related entity by which Plaintiff claims to have been or be employed and against whom he has claims in this suit.

12. "Complaint" means the Collective Action Complaint filed in the above-captioned lawsuit on July 16, 2015.

13. Wherever appropriate in these interrogatories, the singular form of a word shall be interpreted as plural.

14. Wherever appropriate in these interrogatories, the masculine form of a word shall be interpreted as feminine.

15. "And," as well as "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

16. When an interrogatory requires you to "state the basis of" a particular claim, belief, contention, or allegation, state in your answer the identity and nature of each and every communication, fact, authority, source, document, or event which was the basis, in whole or in part, of, or which you think supports, such claim, belief, contention or allegation, and identify each person with knowledge of any communication and/or which forms such basis, specifying each communication or fact known to each such person.

17. These interrogatories are continuing in nature and must be supplemented in accordance with the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons whom you believe are likely to have information relating to your claims or defenses, and provide a brief summary of the information each such individual is believed to possesses. This interrogatory expressly includes a request for the identity and location of those persons likely to have information relating to your claims or defenses regardless of whether or not you intend to use the information to support your claims and defenses in this matter.

**ANSWER:**

**INTERROGATORY NO. 2:**

State each week during your employment as an exempt Core Lab Specialist with Defendant during which you claim to have worked in excess of 40 hours and the total hours that you claim to have worked in each such week(s).

**ANSWER:**

**INTERROGATORY NO. 3:**

Did you ever tell any management employee of Defendant (whether in writing or orally) that you believed you should have been classified as a non-exempt employee when you were in the Core Lab Specialist position? For each such communication, state:

    a.    The date of each oral or written statement;

    b.    The subject matter of each oral or written statement;

    c.    The names of the specific persons to whom any oral or written statement was directed;

    d.       The name of any person who witnessed or claims to have witnessed any oral or written statement; and

    e.       Management's response, if any, to each statement.

**ANSWER:**

**INTERROGATORY NO. 4:**

Have you spoken (whether in writing, via e-mail, text message, or orally) to anyone (including without limitation friends, family members or field service specialists, core lab specialists, prism specialists, hematology support specialists employed by Defendant), about this lawsuit, your allegations that you were improperly classified as exempt while you were in the Core Lab Specialist position, or the number of hours you worked as a Core Lab Specialist? If yes, state the name of each person, the approximate date of the communication, the form of the communication (e.g., text message, e-mail, phone call), and provide a summary of the substance of what each person said.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all civil, criminal and administrative actions (including any bankruptcy filings you have made), state and federal, to which you have been a grievant, party, witness or an affiant, including dates, identifying case number, court or other venue, and parties to each action if known (including any bankruptcy filings).

**ANSWER:**

DATED: March 15, 2017     Respectfully submitted,

ABBOTT LABORATORIES, INC.

By: */s/ Kyle A. Petersen*
Noah A. Finkel
Kyle A. Petersen
Abigail Cahak
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000 - Telephone
(312) 460-7000 - Facsimile
nfinkel@seyfarth.com
kpetersen@seyfarth.com
acahak@seyfarth.com

Richard L. Alfred
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 496-4802
Facsimile: (617) 946-4801
ralfred@seyfarth.com

7

38088334v.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES TO OPT-IN PLAINTIFF JAMES KEAGLE will be served upon Plaintiff's counsel of record via e-mail and U.S. mail on March 15, 2017.

>Rachhana T. Srey
>Nicols Kaster, PLLP
>4600 IDS Center
>80 S 8th Street
>Minneapolis, MN 55402
>Email: srey@nka.com
>
>James B. Zouras
>Stephan Zouras, LLP
>205 N. Michigan Ave.
>Suite 2560
>Chicago, IL 60601
>Email: jzouras@stephanzouras.com

>*/s/ Kyle A. Petersen*

38088334v.1